UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-mj-00691-RMM |
| | : | |
| AVERY MACCRACKEN, | : | |
| | : | |
| Defendant. | : | |

**MOTION FOR EXTENSION OF TIME UNDER SPEEDY TRIAL ACT**

The United States of America hereby respectfully moves the Court for a four-day extension of the time allowed under the Speedy Trial Act to indict this case after arrest. The facts supporting this motion are as follows:

1. The defendant was arrested on December 11, 2021, after being charged by a complaint filed December 10, 2021. Under the Speedy Trial Act, the government has thirty days to indict the defendant. 18 U.S.C. § 3161(b). That thirty-day window expires today, January 10, 2022.

2. Grand juries did not sit from December 20 to December 31, 2021.

3. Upon information and belief, the first day of grand jury resumption, January 3, 2022, did not occur due to the first winter storm of the year, closing the federal government on Monday. Grand jury did not resume until Thursday, January 6, 2022, for a single day.

4. Due to another winter storm, grand jury also did not sit on Friday, January 7, 2022.

5. On December 30, 2021, due to the ongoing omicron surge related to the COVID-19 pandemic, the Court restricted court access additionally, pushing all jury trials until January 24, 2022. Although the order did not suspend grand jury service, it noted the unique circumstances of the omicron variant affecting the nation.

6. The Speedy Trial Act anticipates the possibility of such adverse weather and health events. Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court may toll speedy trial based on any period

of delay if the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial. Additionally, the Court is authorized to consider whether, "in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return." § 3161(h)(7)(B)(iii). The Court may also consider whether the failure to grant such a continuance would "result in a miscarriage of justice." § 3161(h)(7)(B)(i).

7. Here, through no fault of the government, weather and an ongoing global pandemic surge disrupted grand jury service, all coinciding with a holiday season where court personnel, attorneys, and law enforcement were on various intermittent holiday leave. This case is an important case, involving an assault on a law enforcement officer during a democratic transition of power whose job was to protect the U.S. Capitol. Thus, failing to grant such a good cause continuation would result in a miscarriage of justice, against a known victim, particularly in light of the various independent factors interrupting grand jury service. *See United States v. Paschall*, 988 F.2d 972, 975 (9th Cir. 1993) (finding an ends of justice exception when inclement weather -- "extreme adverse weather conditions" -- interrupted grand jury quorum).

8. The government requests a four-day extension of the time allowed under the Speedy Trial Act to indict the defendant, until January 14, 2022. The government intends to present the case at the first available date that the grand jury will sit, which is January 12, 2022.

9. Counsel for the defendant has been consulted, and respectfully opposes this motion because counsel could not confer with her client and is thus unable to consent at this time.

                                        Respectfully submitted,

                                        MATTHEW M. GRAVES  
                                        UNITED STATES ATTORNEY  
                                        D.C. Bar No. 481052

By: /s/ Elizabeth Rogers
ELIZABETH ROGERS
Assistant United States Attorney
Detailed to the District of Columbia
TN Bar No. 33004
167 North Main Street, Suite 800
Memphis, TN 38103
Elizabeth.rogers@usdoj.gov
(901) 218-5438